# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

TIMOTHY S. HENK,

        Petitioner,

v.                                           Case No. 11-CV-449

JOHN PAQUIN,

        Respondent.

_____

## ORDER

On May 11, 2011, the petitioner, Timothy S. Henk ("Henk"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for attempted kidnaping and attempted second-degree sexual assault. (Docket #1). Mr. Henk was convicted in an Oneida County Circuit Court in January of 2001 after entering a guilty plea. The petitioner is presently confined at the Racine Correctional Institution in Sturtevant, Wisconsin. On May 11, 2011, the petitioner filed the instant § 2254 petition (Docket #1), which is now before the court for a screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of the habeas petition, the court will analyze whether

the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims. The court begins by looking at the procedural posture of this matter.

On January 31, 2001, Mr. Henk pled guilty to attempted kidnaping and attempted second-degree sexual assault. Three months later, on April 3, 2001, the petitioner was sentenced in an Onieda County Circuit Court.[1] The petitioner appealed his initial sentence, arguing that: (1) the trial court lacked subject matter jurisdiction under Wisconsin law; and (2) his trial counsel's performance was so ineffective such that he was denied his constitutional right to counsel. The Wisconsin Court of Appeals affirmed the decision of the Oneida County court on April 9, 2002, refusing to resolve the ineffective assistance of counsel argument because Mr. Henk had failed to raise that issue at a post-conviction hearing. Although wholly unclear from what Mr. Henk has submitted to the court, public records indicate that Mr. Henk received permission from the Wisconsin Supreme Court to appeal the Court of Appeals' ruling on April 22, 2003.[2] Mr. Henk filed a petition for review of the appellate court's decision on May 22, 2003. However, on

---

[1] The length of Mr. Henk's sentence is unclear from the materials provided to the court. Mr. Henk states in his petition that he was sentenced to "38 years," but it unclear whether the thirty-eight years consists solely of imprisonment or is a combination of imprisonment and supervised release.

[2] Under Wis. Stat. § 808.10, a petition for review needs to be filed in the Supreme Court of Wisconsin within 30 days of the decision of the court of appeals. However, in its April 22, 2003 order, the Supreme Court, relying on *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 548 N.W. 2d 45 (1996), allowed Mr. Henk thirty days from the date of that order to file a belated petition for review of the appellate court's decision.

August 13, 2003, the Wisconsin Supreme Court refused to grant certiorari to Mr. Henk's appeal.

Nearly four years after Mr. Henk's direct appeal ended, on May 8, 2007, the petitioner filed a motion for post-conviction relief in an Oneida County Circuit Court. After several hearings, on June 19, 2008, the trial court ultimately issued an order finding Mr. Henk's motion to be without merit and denied the motion. The petitioner appealed the trial court's order on July 28, 2008. Although Mr. Henk failed to provide this court with any indication as to the Wisconsin Court of Appeals' disposition of his case, public records indicate that the appellate court ultimately did not alter the decision of the trial court. The petitioner asked the Wisconsin Supreme Court to review the appellate court's decision, but the petition for review was denied on May 17, 2010. Mr. Henk's petition for the issuance of a writ of habeas corpus, which was filed in this court on May 11, 2011, contains two grounds for relief: (1) a claim that Wisconsin law prohibited the trial court from having jurisdiction to adjudicate the underlying crimes; and (2) an ineffective assistance of counsel claim. (Docket #1). With this background in mind, the court proceeds to screen Mr. Henk's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The court begins its Rule 4 review by examining the timeliness of Henk's petition. Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner may bring a habeas petition within one year from the latest of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such

review." The petitioner does not allege any facts in the petition that would support a finding that he is entitled to an alternative start date for his limitations period.[3] Public records indicate that the judgment against the petitioner became final by conclusion of the direct review on August 13, 2003. Although the proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), the petitioner did not file any post-conviction challenges to his 2001 conviction until 2007, well after the limitations period had expired. In order to toll the limitations period, Mr. Henk would have had to file his state court motion before his limitations period expired. *Fernandez v. Sternes,* 227 F.3d 977, 979 (7th Cir. 2000). Given this, the court can only conclude that Mr. Henk's petition is untimely.

The Supreme Court has explained that the "statute of limitations" imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is "not jurisdictional" and "it does not set forth an inflexible rule requiring dismissal whenever its clock has run." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). Accordingly, before dismissing Mr. Henk's petition, the court will allow the petitioner the opportunity to present any facts and arguments he can

---

[3] For example, 28 U.S.C. § 2244(d)(1)(B) allows the limitations period to begin on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action." 28 U.S.C. § 2244(d)(1)(C) provides that a limitations period can begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Finally, 28 U.S.C. § 2244(d)(1)(D) states that the limitations period can begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Nothing in Mr. Henk's petition indicates that any facts exist that would require a start to the limitations period other than the one prescribed in 28 U.S.C. § 2244(d)(1)(A).

muster to prove that his petition is in fact timely, that circumstances exist that would justify tolling the statute of limitations for equitable reasons, or that the interests of justice would be better served by addressing the merits of the petition. The court cautions the petitioner, however, that equitable reasons for tolling the statute of limitations are difficult to come by, and require more than mere ignorance of the law or lack of access to legal resources. *See e.g. United States v. Cook*, 105 F. Supp. 2d 1013, 1014-15 (E.D. Wis. 2000); *see also Holland,* 130 S. Ct at 2564 (holding that a "garden variety claim of excusable neglect . . . does not warrant equitable tolling.") Moreover, the *Holland* court required some level of diligence by the petitioner in order to toll the statute of limitations. *Id.* at 2565 ("The diligence required for equitable tolling purposes is 'reasonable diligence.'"). Given the gross amount of time between when the petitioner's judgments that he is challenging became final and when Mr. Henk finally opted to file a federal habeas claim, the court warns Mr. Henk that he must provide the court with an *extremely* compelling argument to warrant tolling the statute of limitations. If Mr. Henk cannot muster a "nonfrivolous argument" for why the statute of limitations period should be equitably tolled, Fed. R. Civ. P. 11(b)(2), the petitioner may risk exposing himself to sanctions by this court, including monetary sanctions. Fed. R. Civ. P. 11(c).

Moreover, even if Mr. Henk does convince this court that it should toll the statute of limitations to file a habeas claim, the petitioner has not met *his* burden in proving that he has exhausted his state court remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition

"unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). The burden is on the petitioner of proving compliance with the exhaustion requirement. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971) ("The burden was on the petitioner of proving compliance with the exhaustion requirement"); *McCormick v. Kline*, 572 F.3d 841, 852 (10th Cir. 2009) (holding that habeas petitioner has the burden of proving exhaustion of state remedies); *Bowie v. Branker*, 512 F.3d 112, 122 (4th Cir. 2008) (same); *DeFoy v. McCullough*, 393 F.3d 439, 443 (3rd Cir. 2005) (same); *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002) (same); *Carmichael v. White*, 163 F.3d 1044, 1046 (8th Cir. 1998) (same).

Here, the petitioner has not met his burden of proving compliance with the exhaustion requirement. *Id.* Specifically, Mr. Henk has not provided the court with any information regarding: (1) the Wisconsin Supreme Court's disposition of his direct appeal; or (2) the Wisconsin Court of Appeals' disposition of his collateral attack. As such, the court will need Mr. Henk to submit such documentation before the court can continue to screen the petitioner's complaint. If the petitioner fails to properly comply with this court's order, the court will dismiss his case without further notice.

Additionally, the court notes that Mr. Henk's first ground for relief – that the Wisconsin courts lacked subject matter jurisdiction over the crimes in question – will not survive Rule 4 screening. Claims based on violations of state law are not cognizable in a federal habeas petition, and the failure to follow procedures created by state laws and regulations does not of itself create a federal due process violation. *See Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984). Going forward, the petitioner should only concern himself with discussing the ineffective assistance of counsel issue to the court, as that is the only claim that raises an issue of whether Mr. Henk "is in custody in violation of *the Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2254(a) (emphasis added).

Finally, the court notes that Mr. Henk has filed a motion to proceed *in forma pauperis.* (Docket #3). Normally, a habeas petitioner must pay a statutory filing fee of $5.00 to bring suit in federal court, but the federal *in forma pauperis* statute allows indigent litigants a means by which they can access the federal courts without the

burden of the initial filing fee. 28 U.S.C. § 1915. In order for a court to allow a litigant to proceed *in forma pauperis*, the court must first find that the litigant is truly indigent and unable to pay the five dollars needed to commence *this* action. 28 U.S.C. § 1915(a).

The court cannot conclude that the petitioner meets the indigency requirements of 28 U.S.C. § 1915(a). Mr. Henk has disclosed to the court that until December of 2010 he was receiving income of $42.88 per month. (Docket #3 at 2). The petitioner has informed the court that his current income is $8 per month. *Id.* at 4. Mr. Henk failed to disclose any expenses he regularly has to the court. *Id.* Moreover, Mr. Henk's trust account statement indicates that the petitioner has a current account balance of $847.28. The trust account statement also indicates that Mr. Henk spends his money on luxuries such as ice cream. For the court to grant the petitioner leave to proceed *in forma pauperis* would be to require the taxpayer to subsidize Mr. Henk's sweet tooth. In sum, the petitioner has failed to demonstrate that he cannot afford the five dollars to proceed with this action. Mr. Henk will need to pay the filing fee within twenty days of the issuance of this order. If the court does not receive the filing fee, this matter will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that the petitioner shall **SHOW CAUSE** within **twenty (20) days** from the date of this order**,** why his petition is not untimely,

**IT IS FURTHER ORDERED** that the petitioner shall submit all state court decisions demonstrating that he exhausted his state court remedies within **twenty (20) days** from the date of this order,

**IT IS FURTHER ORDERED** that the petitioner's motion to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner shall submit the appropriate filing fee with **twenty (20) days** from the date of this order. Failure to respond to *any* of the court's orders will result in the court entering an order dismissing the petition.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge